IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| AUSENCIO CAMPOS-ALEJO, | ) | Civil Action No.: 4:05-cv-3070-RBH |
| | ) | Criminal No.: 4:04-cr-788-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the court are: 1) Petitioner's [Docket Entry #1] motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255; and 2) Respondent's [Docket Entry #6] motion for summary judgment and response to Petitioner's § 2255 motion.

**Factual and Procedural Background**

The Petitioner, Ausencio Campos-Alejo, is currently incarcerated at FCI Yazoo City in Mississippi and is proceeding *pro se*. On September 28, 2004, the Petitioner was indicted along with two co-defendants in a five count indictment. On November 16, 2004, in accordance with the plea agreement filed the same day, the Petitioner pled guilty to count 1 of the indictment, which charged conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

The provision of the plea agreement particularly relevant to this case is paragraph 10, which provided that if the Petitioner cooperated with the government and the Petitioner's cooperation was deemed by the attorneys for the government as providing substantial assistance in the investigation or prosecution of another person, the attorneys for the government would

move for a downward departure[1] and/or for a reduction of sentence.[2]

On February 17, 2005, the Petitioner was sentenced to 120 months for his participation in the drug conspiracy alleged in count 1 of the indictment. Pursuant to the plea agreement, the government dismissed the remaining counts of the indictment. On the same day, Judgment was entered against the Petitioner on count 1 of the indictment.

On October 28, 2005, the Petitioner filed a § 2255 motion to vacate, set aside, or correct an illegal sentence alleging ineffective assistance of counsel. Respondent filed a motion for summary judgment and response to Petitioner's § 2255 motion on November 29, 2005.

On November 30, 2005, the court issued a Roseboro Order informing the Petitioner that a motion for summary judgment had been filed and that the Petitioner had thirty-four (34) days to file any materials in opposition to the Respondent's motion for summary judgment. The Petitioner filed a timely response to the Respondent's motion.

## Discussion

Petitioner's § 2255 motion contains two grounds for relief both alleging ineffective assistance of counsel of James T. Irvin, Esq. Ground one alleges that the Petitioner received ineffective assistance of counsel when the government arbitrarily and in bad faith refused to move for a downward departure or reduction in sentence. Specifically, the Petitioner alleges that despite Mr. Irvin's knowledge of the substantial assistance that the Petitioner provided, Mr. Irvin did not ask for specific performance of the plea agreement and did not raise the

---

[1] *See* § 5K1.1 of the United States Sentencing Commission Guidelines.

[2] *See* Fed. R. Crim. Proc. 35(b).

2

issue before the court so that the court could evaluate whether the government arbitrarily and in bad faith refused to make motions under § 5K1.1 and/or Rule 35(b).

Ground two raises the issue whether the Petitioner received ineffective assistance of counsel when counsel failed to renew his objection regarding the safety valve reduction provided for under the United States Sentencing Commission Guidelines.

As discussed more fully below, because there are no genuine issues of material fact as to either of Petitioner's claims of ineffective assistance of counsel, summary judgment is granted.

Ground One

To obtain relief based on ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; (2) the deficient performance prejudiced the defense;[3] and (3) specific acts or omissions of counsel were not the result of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the court must be highly deferential in scrutinizing counsel's performance. *Id*. at 688-89. To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. "Reasonable probability" is probability sufficient to undermine confidence in the outcome.

---

[3] If the ineffective assistance of counsel claim is more easily disposed of under the second prong (prejudice inquiry) of *Strickland*, the first inquiry - whether counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment - may be by-passed. *Strickland*, 466 U.S. at 697.

3

*Jeffers v. Leeke*, 835 F.2d 522, 525 (4th Cir. 1987).

The alleged ineffective assistance of counsel in ground one of Petitioner's motion is based upon counsel's failure to ask for specific performance of the plea agreement. Petitioner argues that he is entitled to a downward departure or reduction in sentence in return for the substantial assistance he provided to the government. Petitioner argues that counsel was ineffective for failing to raise the issue before the court despite counsel's knowledge of Petitioner's substantial assistance. Petitioner's claim fails, however, because Petitioner has failed to raise genuine issues of material fact as to: 1) whether he was prejudiced by counsel's alleged ineffectiveness; 2) whether he should have received a downward departure or reduction in sentence; and 3) whether the government's decision not to file a motion for downward departure or reduction in sentence was based on an unconstitutional motive or was not rationally related to a legitimate government objective.

According to the Respondent, on several occasions, Barry Wilson of the Drug Enforcement Administration, visited the Petitioner at the Florence County Detention Center with a Spanish speaking agent in an attempt to obtain any information regarding the Petitioner's illegal activities. On those occasions, according to the Respondent, the Petitioner declined to provide any information to the government. The Petitioner does not dispute that he did not provide any information to the government on those occasions. However, in the Memorandum of Law attached to the Petitioner's § 2255 motion, the Petitioner makes the vague statement that he has provided substantial assistance to the government. Notably, the Petitioner does not detail or specify in any way how he provided substantial assistance to the government, other than the brief statement he made at the sentencing hearing. The court held

that he did not qualify for a safety valve reduction under the circumstances considering the requirement that he truthfully provide all information he had, not later than the time of the sentencing hearing. The Petitioner simply did not provide any information whatsoever prior to sentencing despite opportunities to do so.

The plea agreements generally used by the attorneys for the government in the District of South Carolina, and used by the Assistant U.S. Attorney in this case, give the government sole discretion to decide whether or not a defendant has provided substantial assistance that would warrant a motion under either § 5K1.1 or Rule 35(b). *See United States v. Raynor*, 939 F.2d 191, 195 (4th Cir. 1991); *United States v. Lockheart*, 58 F.3d 86, 88 (4th Cir. 1995); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994).

In order for the court to grant a reduction in sentence based on substantial assistance without a motion by the government, the Petitioner must show the government's decision to not move for a downward departure or reduction in sentence was either not rationally related to a legitimate government objective or based on an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Maddox*, 48 F.3d 791, 795 (4th Cir. 1995); *United States v. LeRose*, 219 F.3d 335, 342 (4th Cir. 2000). "Before a court may order discovery or hold an evidentiary hearing on the government's refusal to make the motion, the defendant must first make a 'substantial threshold showing' that the refusal resulted from improper or suspect motives." *LeRose*, 219 F.3d at 342.

Petitioner has made no showing that the Respondent's refusal to move for a downward departure or reduction in sentence was based on an improper motive or not rationally related to a legitimate government objective. The Respondent argues that the Petitioner clearly failed to

provide any substantial assistance to the government that would warrant a motion under § 5K1.1 or Rule 35(b). The Petitioner has not provided sufficient evidence to create a genuine issue of material fact as to whether he should have received a downward departure or reduction in sentence. Consequently, the Petitioner has failed to show that, but for counsel's alleged ineffectiveness, the result would have been different. *See Strickland*, 466 U.S. at 688-89. In other words, the Petitioner has failed to show that his counsel would have been successful in challenging the government's decision not to move for a downward departure or reduction in sentence. Because there is no genuine issue of material fact as to whether Petitioner suffered prejudice as a result of counsel's alleged failure to raise the issue of specific performance of the plea agreement before the court, summary judgment is granted as to ground one of Petitioner's § 2255 motion.

Ground Two

Ground two of Petitioner's motion alleges that he received ineffective assistance of counsel when counsel failed to renew his objection concerning the safety valve reduction under the United States Sentencing Commission Guidelines. This allegation also fails under the second prong of *Strickland* because the Petitioner cannot show that he was prejudiced by counsel's failure to renew his objection regarding the safety valve reduction. First, the Petitioner did not file a direct appeal so there is no issue as to preservation of the objection. Second, a renewed objection would have been futile because a renewed objection would not have changed this court's ruling that the Petitioner was not entitled to the safety valve reduction under the United States Sentencing Commission Guidelines.

To the extent Petitioner argues the court erred in denying a safety valve reduction, the

Petitioner has not shown that the court's denial amounted to a fundamental defect that resulted in a complete miscarriage of justice or a breach of rudimentary demands of fair procedure. *See United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999).  The Petitioner does not dispute the fact that he provided no helpful information to the government before the sentencing hearing and that his only effort at providing any information was the delivery of vague information at his sentencing hearing, which the government had no way of corroborating.  As a result, at the sentencing hearing, this court concluded that the Petitioner did not qualify for the safety valve reduction.

Ground two of Petitioner's motion appears to be an attempt by Petitioner to cloak a non-constitutional claim that should have been made on direct appeal as a constitutional ineffective assistance of counsel claim.  Petitioner argues in his Memorandum of Law in Support of Motion "this Court erred when it denied counsel's objection to the safety valve." To that extent, Petitioner may also be procedurally defaulted from raising the issue in his § 2255 motion.

Nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976); *Sunal v. Large*, 332 U.S. 174 (1947); *United States v. Emanuel*, 869 F.2d 795 (4th Cir. 1989) (claim that sentencing court did not comply with Rule 32 of the Federal Rules of Criminal Procedure waived where not raised on appeal); *cf. United States v. Bonnette*, 781 F.2d 357 (4th Cir. 1986) (assertion that nonconstitutional error could not have been asserted on direct appeal due to change in law).  The failure to raise a claim on direct appeal may result in procedural default barring collateral review. *United States v. Pregent*, 190 F.3d at 284, 279 n.5 (4th Cir.

1999). Nevertheless, regardless of whether the Petitioner is procedurally defaulted from raising the issue in this proceeding, the Petitioner's claim fails because he has not shown that he was prejudiced by any alleged ineffective assistance of counsel or that the court's denial of a safety valve reduction constituted a fundamental defect that resulted in a complete miscarriage of justice.

There is no genuine issue of material fact as to whether the Petitioner received ineffective assistance of counsel when counsel failed to renew his objection regarding the safety valve reduction. Further, there is no genuine issue of material fact as to whether the court's denial of a safety valve reduction for the Petitioner amounted to a fundamental defect that resulted in a complete miscarriage of justice. Accordingly, summary judgment is granted on ground two of Petitioner's motion.

## Conclusion

For the reasons stated above, Respondent's [Docket Entry #6] motion for summary judgment and response to Petitioner's § 2255 motion is **GRANTED**. Accordingly, Petitioner's [Docket Entry #1] motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255 is **DENIED.** This case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Florence, South Carolina                                                    s/ R. Bryan Harwell
April 30, 2007                                                                    R. Bryan Harwell
                                                                                        United States District Judge